IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| SHANNON ODELL MILLER, ) | |
|     Plaintiff, ) | Civil Action No. 7:20cv00297 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| WASHINGTON COUNTY VA. ) | By: Norman K. Moon |
| VICTIMS ASSISTANCE DIRECTOR, ) | Senior United States District Judge |
|     Defendant. ) | |

Plaintiff Shannon Odell Miller, a Virginia inmate proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983. The complaint is now before the court for review pursuant to 28 U.S.C. § 1915A(a). For the reasons discussed herein, I conclude that Miller's complaint fails to state a claim under § 1983 and instead is barred by the principles set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994). Thus, it must be dismissed.

I.     BACKGROUND

Miller's complaint names a single defendant, the "Victims Assistance Director" for Washington County, Virginia. He does not identify that person by name. His complaint does not contain much detail, but he appears to be challenging the restitution portion of a sentence he received in a criminal case in Washington County. Specifically, he states that he "was sentenced for failure to pay restitution on a claim without a hearing." He asserts that the amount of the victim's claim was false and that "the amount being as high as it is affected his sentence." He appears to allege that defendant gave a "false" amount of damages to the court. He then states that "[t]he property is being lived in, not destroyed as reported" by defendant. His complaint seeks "as much relief [as] possible for this cover-up." (Compl. 2, Dkt. No. 1.) Based on later-submitted documents that he has filed, the restitution amount related to a house allegedly destroyed or damaged by arson, but which he contends was not irreparably damaged and so the restitution amount should have been lower.

Although his complaint did not provide any dates or any case number for his underlying criminal conviction, Miller has since filed additional documents that provide much of that information. (Dkt. Nos. 5, 11.)  They include documents from the relevant criminal case, documents he filed earlier in 2020 in the Washington County Circuit Court raising these issues, and correspondence between Miller and the Clerk of that court.  Taken together, the documents make clear that the restitution at issue was imposed as part of a criminal judgment in Washington County in a number of related criminal cases: Nos. CR12-775, -777, -778, -780, -781, -783, -784, -786, -787, -789, -790, -791, -793, -794, and -1119. (*See, e.g.*, Dkt. No. 5 at 7–10 (amended conviction and sentencing order entered in all cases).)

These documents, as well as publicly available records from the Washington County Circuit Court, reflect that Miller was initially sentenced, in 2012, to a total eighty-five year sentence on his felonies and a 12-month misdemeanor sentence, with 79 years, 11 months and the 12-month misdemeanor sentence all suspended.  (*Id.* at 10.)  That court's 2012 judgment also included total restitution in the amount of $158,912.95, most of which related to the alleged destruction of a residential property in Damascus, Virginia.  Miller was required to pay $50 monthly toward his costs and restitution, beginning 60 days after his release from incarceration. (*Id.*)

After his initial release, Miller's probation was revoked twice in many of these cases—once on January 18, 2018, and then again on April 25, 2019.[1]  *See, e.g., Commonwealth v. Miller*, CR12-775-01 and -02 (Washington County Circuit Court).  In 2018, he was sentenced to six months upon revocation; in 2019, the court imposed a five-year sentence, but stated that the five-year term would satisfy Miller's obligations to the Commonwealth as far as time in custody

---

[1] *See* Fed. R. Evid. 201(b)(2) (permitting a federal court to take judicial notice of certain facts); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239–40 (4th Cir. 1989) (explaining that a federal court may take judicial notice of state court proceedings that directly relate to the issues pending in the federal court).

was concerned.  *See id; see also* Dkt. No. 5 at 20–22 (partial transcript of 2019 revocation).

Based on everything he has submitted, Miller seems to be challenging either his 2012 sentence (which included the restitution amount to begin with) or his 2019 revocation sentence. As to the latter, he claims that the sentence was impacted by the original erroneous restitution because the court stated that it was "struggling with the restitution." (*Id.* at 21.)  In either event, it is important to the analysis under *Heck* that his 2019 revocation sentence was a criminal sentence and the restitution imposed back in 2012 was part of a criminal sentence.  *See McCullough v. Commonwealth*, 568 S.E.2d 449, 450–51 (Va. Ct. App. 2002) (discussing Virginia's statutory scheme for ordering restitution and noting the discretion of the sentencing judge to determine restitution amounts); *see also United States v. Cohen*, 59 F.3d 490, 496 (4th Cir. 2006) (collecting authority holding that restitution is part of a criminal defendant's sentence).  Moreover, it does not appear that his conviction or either sentence has been vacated or otherwise overturned.

## II.   DISCUSSION

Under 28 U.S.C. § 1915A(a), the court must conduct an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  Pleadings of self-represented litigants are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).  Liberal construction does not mean, however, that the court can ignore a clear failure in pleadings to allege facts setting forth a claim cognizable in a federal district court.  *See Weller v. Dep't of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

As an initial matter, Miller does not identify what federal or constitutional right he believes was violated by the allegedly "false" information provided to the sentencing court.  "To

3

state a claim under § 1983[,] a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Loftus v. Bobzien*, 848 F.3d 278, 284–85 (4th Cir. 2017) (internal quotation marks omitted). It is established, though, that a sentencing decision based on materially false or unreliable evidence can violate due process. *Jefferson v. Berkebile*, 688 F. Supp. 2d 474, 485 (S.D. W. Va. 2010) (citations omitted). I thus construe his complaint as raising a due process claim.

If Miller is attempting to challenge the original restitution amount as improper or invalid, however, then his claim is almost certainly barred by the applicable statute of limitations and subject to dismissal on this ground, pursuant to 28 U.S.C. § 1915A(b)(1). When it is clear from the face of a § 1983 complaint that the plaintiff's claim is barred by the applicable statute of limitations, the court may summarily dismiss the complaint without prejudice as legally frivolous. *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951, 956 (4th Cir. 1995) (en banc); *see also Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656–57 (4th Cir. 2006) (explaining that *Nasim* remains good law insofar as it allows a statute of limitations defense to be raised and considered *sua sponte* for *in forma pauperis* complaints, because district courts have an obligation to screen such complaints).

A § 1983 claim based on events that occurred in Virginia is subject to Virginia's statute of limitations for general personal injury claims, *see Owens v. Okure*, 488 U.S. 235, 239–40 (1989), which requires an action be brought within two years of its accrual. Va. Code Ann. § 8.01-243(A); *A Soc'y Without A Name v. Virginia*, 655 F.3d 342, 348 (4th Cir. 2011) (explaining that the statute of limitations for § 1983 claims is the state limitations period for personal injury actions and in Virginia, that period is two years). The time of accrual is governed by federal law, which directs that "a cause of action accrues when the plaintiff

4

possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." *Nasim*, 64 F.3d at 955; *see also A Soc'y Without A Name*, 655 F.3d at 348 ("A civil rights claim accrues when the plaintiff 'knows or has reason to know of the injury which is the basis of the action.'") (citing *Cox v. Stanton*, 529 F.2d 47, 50 (4th Cir. 1975)).

Miller does not specifically state when he learned of the alleged falsity of the restitution amount. The facts he has pled, however, do not include any assertion that he did not know the amount of the restitution back in 2012, when it was made part of his criminal judgment, or that he did not know then the facts that he alleges show that the amount was false. Thus, based on the face of the complaint, Miller's civil claim as to events that occurred in 2012 is time-barred.

Furthermore, and regardless of whether Miller is challenging his 2012 original criminal sentence or his 2019 revocation sentence, Miller's claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). *Heck* precludes a § 1983 claim that would "necessarily imply the invalidity of [the plaintiff's] conviction or sentence," because "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Id.* at 486–87. Instead, "habeas corpus is the appropriate remedy" for a state prisoner to challenge his conviction or sentence. *Id.* at 482.

*Heck* thus held that if granting relief on a civil claim would necessarily call into question the validity of a criminal judgment, then the civil case cannot proceed unless the conviction has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id.* at 486–87.

For *Heck* to apply and bar a plaintiff's § 1983 claim, two requirements must be met: (1) a judgment in favor of the plaintiff must necessarily imply the invalidity of the plaintiff's conviction or sentence; and (2) the claim must be brought by a claimant who is either (a)

5

currently in custody or (b) no longer in custody because the sentence has been served, but nevertheless could have practicably sought habeas relief while in custody. *Covey v. Assessor of Ohio Cty.*, 777 F.3d 186, 197 (4th Cir. 2015) (citations and alterations omitted).

The first requirement is satisfied here because Miller's claims concerning his restitution necessarily call into question the validity of his criminal judgment. In his complaint, he deems the restitution to be based on false evidence and improper, which is a direct challenge to the validity of a portion of his criminal sentence. *See Martinez v. Chappell*, No. C 12-4356 PJH, 2013 WL 504809, at *2 (N.D. Cal. Feb. 11, 2013) ("Plaintiff is challenging the validity of the restitution aspect of his conviction, but the conviction has not been invalidated, so this claim must be dismissed."). Moreover, Miller does not allege—and the court records discussed above refute—that his original conviction (or revocation sentence) has been reversed, expunged, or otherwise called into question. Indeed, those records indicate that he is currently serving the most recent revocation sentence.

As to the second *Heck* requirement, to the extent Miller's claims call into question his 2019 sentence, he clearly is in custody on that sentence. As to his 2012 sentence, he is no longer in custody. But he had an active sentence of more than five years in custody, which should have been ample time for him to file a habeas action challenging the restitution.[2] Thus, the second requirement appears satisfied as to both sentences, as well.

For all of these reasons, Miller's claims are barred by *Heck*.[3]

---

[2] Even if Miller was unable to challenge his restitution order while he was in custody, that does not save his claim. As already discussed, a § 1983 challenge to the 2012 sentence is barred by the applicable statute of limitations, even if not barred by *Heck*.

[3] I decline to construe Miller's complaint as a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, because it does not appear that he has yet exhausted the remedies available in Virginia state courts. *See* 28 U.S.C. § 2254(b); *Preiser v. Rodriguez*, 411 U.S. 475, 477 (1973). The exhaustion requirement is satisfied by seeking review of a claim in the highest state court with jurisdiction to consider the claim. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

III.  CONCLUSION

For the foregoing reasons, Miller's complaint will be dismissed without prejudice for failure to state a claim.[4]  An appropriate order will be entered.

**ENTER**: This 7th day of August, 2020.

_____
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE

---

[4] As the Supreme Court recently recognized, not all U.S. Courts of Appeals treat a case dismissed pursuant to *Heck* as a dismissal "for failure to state a claim." *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1724 n.2 (2020). The Fourth Circuit does not appear to have spoken on the issue of whether such a dismissal is for failure to state a claim, but it has noted in an unpublished decision that a dismissal pursuant to *Heck* should be without prejudice. *Omar v. Chasanow*, 318 F. App'x 188, 189 (4th Cir. 2009) (per curiam).  Here, Miller's claims are subject to dismissal on several grounds, and so dismissal without prejudice on the basis that he has failed to state a claim is appropriate.